IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WebXchange Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| The Allstate Corporation, et al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No.  08-131 JJF

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants respond to Plaintiff's Complaint for Patent Infringement as follows:

### ANSWER

#### Jurisdiction and Venue

1.       This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer:** Defendants admit that Plaintiff's Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but Defendants deny that Plaintiff's Complaint states a valid claim for patent infringement.  Defendants admit this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Defendants deny that Plaintiff's Complaint states a valid claim for patent infringement.

2.       On information and belief, this Court has personal jurisdiction over Allstate Corporation, Allstate Financial Services and Allstate Financial by virtue of their incorporation in the state of Delaware and their presence and business activities within this judicial district.  On information and belief, Allstate Corporation, Allstate Financial Services and Allstate Financial have committed acts of infringement within this judicial district through their business activities.

**Answer:** Defendants do not contest the exercise of personal jurisdiction over The Allstate Corporation, Allstate Financial Services, LLC, and Allstate Financial, LLC by this Court in this case. Defendants admit that The Allstate Corporation, Allstate Financial Services, LLC, and Allstate Financial, LLC are incorporated in the state of Delaware. Defendants deny that The Allstate Corporation, Allstate Financial Services, LLC, and Allstate Financial, LLC have committed acts of infringement within this judicial district through their business activities. Defendants deny the remaining allegations in Paragraph 2.

3.      On information and belief, this Court has personal jurisdiction over Allstate Insurance and Allstate Life by virtue of their presence and business activities within this judicial district. On information and belief, Allstate Insurance and Allstate Life are authorized to provide insurance and other financial products in the state of Delaware. On information and belief, by way of example and without limitation, Allstate Insurance and Allstate Life have committed acts of infringement within this judicial district at least by providing insurance and other financial products through a shared internet software system that allows distributed real-time transactions.

**Answer:** Defendants do not contest the exercise of personal jurisdiction over Allstate Insurance Company and Allstate Life Insurance Company by this Court in this case. Defendants admit that Allstate Insurance Company and Allstate Life Insurance Company are licensed to provide insurance in the state of Delaware. Because "other financial products" is vague and ambiguous, Defendants lack information sufficient to form a belief as to the truth or falsity of that allegation and it is denied. Defendants deny that Allstate Insurance Company and Allstate Life Insurance Company have committed acts of infringement within this judicial district at least by providing insurance and other financial products through a shared internet software system that allows distributed real-time transactions. Defendants deny the remaining allegations in Paragraph 3.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

2

**Answer:** Defendants do not contest venue in this district in this case. Defendants deny the remaining allegations in Paragraph 4.

### The Parties

5.   WebXchange is a Delaware corporation with its principal place of business at 222 Stanford Avenue, Menlo Park, California 94025. WebXchange is a provider of innovative software products, services and solutions that enable distributed transaction processing and control over public and private networks, including, without limitation, the "Internet" and the "World-Wide Web". WebXchange's products are covered by several U.S. Patents issued to its founder, CEO and Chairperson, Dr. Lakshmi Arunachalam.

**Answer:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 and therefore they are denied.

6.   Dr. Arunachalam holds [sic] is a leader in the development of high-speed computer network architecture and Internet service infrastructure. She has extensive domestic and international experience in the design and implementation of internet and intranet solutions, network security, global marketing and software development. Dr. Arunachalam founded WebXchange in 1996 to foster the development of her pioneering work in real-time transactional technologies over public and private networks.

**Answer:** Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 and therefore they are denied.

7.   On information and belief, Allstate Corporation is a Delaware corporation, with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

**Answer:** Defendants admit that The Allstate Corporation is a Delaware corporation, with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062. Defendants deny the remaining allegations in Paragraph 7.

8.   On information and belief, Allstate Insurance is an Illinois corporation, with its principal place of business at 3075 Sanders Road, Northbrook, Illinois 60062. On information and belief, Allstate Insurance is a wholly-owned subsidiary of Allstate Corporation.

**Answer:** Defendants admit that Allstate Insurance Company is an Illinois insurance company, with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

3

Defendants admit that Allstate Insurance Company is a wholly-owned subsidiary of The Allstate

Corporation. Defendants deny the remaining allegations in Paragraph 8.

     9.     On information and belief, Allstate Life is an Illinois corporation, with its principal place of business at 3100 Sanders Road, Northbrook, Illinois 60062. On information and belief, Allstate Life is a wholly-owned subsidiary of Allstate Insurance.

**Answer:** Defendants admit that Allstate Life Insurance Company is an Illinois insurance

company, with its principal place of business at 3100 Sanders Road, Northbrook, Illinois 60062.

Defendants admit that Allstate Life Insurance Company is a wholly-owned subsidiary of Allstate

Insurance Company. Defendants deny the remaining allegations in Paragraph 9.

     10.    On information and belief, Allstate Financial Services is a Delaware Limited Liability Company, with its principal place of business at 2920 South 84th Street, Lincoln, Nebraska 68506. On information and belief, Allstate Financial Services is a subsidiary of at least one or more of Allstate Corporation, Allstate Insurance and/or Allstate Life.

**Answer:** Defendants admit that Allstate Financial Services, LLC is a Delaware Limited Liability

Company, with its principal place of business at 2920 South 84th Street, Lincoln, Nebraska

68506. Defendants admit that Allstate Financial Services, LLC is a wholly-owned subsidiary of

Allstate Insurance Company. Defendants deny the remaining allegations in Paragraph 10.

     11.    On information and belief, Allstate Financial is a Delaware Limited Liability Company. On information and belief, Allstate Financial is a subsidiary of at least one or more of Allstate Corporation, Allstate Insurance and/or Allstate Life.

**Answer:** Defendants admit that Allstate Financial, LLC is a Delaware Limited Liability

Company, with its principal place of business at 3100 Sanders Road, Northbrook, Illinois 60062.

Defendants admit that Allstate Financial, LLC is a wholly-owned subsidiary of Allstate

Insurance Company. Defendants deny the remaining allegations in Paragraph 11.

## General Allegations

12.   On July 7, 1998, U.S. Patent No. 5,778,178, entitled "Method And Apparatus For Enabling Real-Time Bi-Directional Transactions On A Network" ("the '178 patent"), was duly and legally issued by the United States Patent and Trademark Office with Lakshmi Arunachalam as the named inventor. The entire right, title, and interest in and to the '178 patent have been assigned to WebXchange. The '178 Patent has been in full force and effect since its issuance. A true and correct copy of the '178 patent is attached hereto as Exhibit A.

**Answer:** Defendants admit that U.S. Patent No. 5,778,178 ("the '178 patent") issued on July 7, 1998. Defendants deny that the '178 patent duly and legally issued. Defendants admit that the '178 patent is entitled "Method and Apparatus for Enabling Real-Time Bi-Directional Transactions on a Network." Defendants admit that Lakshmi Arunachalam is the named inventor on the '178 patent. Defendants admit that what appears to be a copy of the '178 patent is attached to Plaintiff's Complaint as Exhibit A. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12 and therefore they are denied.

13.   On April 3, 2001, U.S. Patent No. 6,212,556, entitled "Configurable Value-Added Network (VAN) Switching" ("the '556 patent"), was duly and legally issued by the United States Patent and Trademark Office with Lakshmi Arunachalam as the named inventor. The entire right, title, and interest in and to the '556 patent have been assigned to WebXchange. The '556 patent has been in full force and effect since its issuance. A true and correct copy of the '556 patent is attached hereto as Exhibit B.

**Answer:** Defendants admit that U.S. Patent No. 6,212,556 ("the '556 patent") issued on April 3, 2001. Defendants deny that the '556 patent duly and legally issued. Defendants admit that the '556 patent is entitled "Configurable Value-Added Network (VAN) Switching." Defendants admit that Lakshmi Arunachalam is the named inventor on the '556 patent. Defendants admit that what appears to be a copy of the '556 patent is attached to Plaintiff's Complaint as Exhibit B. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 13 and therefore they are denied.

14.    On March 4, 2008, U.S. Patent No. 7,340,506 entitled "Value-Added Network Switching And Object Routing" ("the '506 patent"), was duly and legally issued by the United States Patent and Trademark Office with Lakshmi Arunachalam as the named inventor. The entire right, title, and interest in and to the '506 patent have been assigned to WebXchange. The '506 patent has been in full force and effect since its issuance. A true and correct copy of the '506 patent is attached hereto as Exhibit C.

**Answer:** Defendants admit that U.S. Patent No. 7,340,506 ("the '506 patent") issued on March 4, 2008. Defendants deny that the '506 patent duly and legally issued. Defendants admit that the '506 patent is entitled "Value-Added Network Switching and Object Routing." Defendants admit that Lakshmi Arunachalam is the named inventor on the '506 patent. Defendants admit that what appears to be a copy of the '506 patent is attached to Plaintiff's Complaint as Exhibit C. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 14 and therefore they are denied.

15.    The '178, '556 and '506 patents (collectively "the Patents-in-Suit") involve technology for enabling real-time, distributed, two-way transactional capabilities on, for example, without limitation, the Internet and World-Wide Web.

**Answer:** Defendants incorporate by reference their responses to Paragraphs 12-14 above. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 15 and therefore they are denied.

16.    On information and belief, Defendants provide auto, homeowners, life, health and accidental insurance, and retirement and investment products through agents and representatives. On information and belief, Defendants and their agents and representatives use shared information technology services and systems provided by at least Allstate Insurance to facilitate the sale and servicing of Defendants insurance and financial products.

**Answer:** Defendants deny that The Allstate Corporation and Allstate Financial, LLC provide auto, homeowners, life, health and accidental insurance, or retirement and investment products through agents and representatives. The remaining allegations of Paragraph 16 are vague and ambiguous, such as, for example, the meaning of "provide," "retirement and investment

products," or "use shared information technology services and systems," and thus, Defendants

lack information sufficient to form a belief as to the truth or falsity of the remaining allegations

of Paragraph 16 and they are denied.

> 17.    On information and belief, Defendants have deployed various such shared information technology services and systems that implement distributed real-time transactions over the Internet to give Defendants' customers, agents and representatives access to Defendants' various insurance and financial products, customer accounts, and other information. By way of example and without limitation, *accessAllstate.com* and the Allstate Customer Care Center at *https://customercare.allstate.com* are websites that, on information and belief, provide Internet based systems for distributed, real-time remote transactions, including without limitation sales of and access to Defendants' products, and servicing of and access to customer accounts. On information and belief, at least some of Defendants' products have been sold using internet distributed, real-time remote transactions that originated from within this judicial district.

**Answer**: Defendants admit that *accessAllstate.com* and *https://customercare.allstate.com* are

websites.    Because the remaining allegations of Paragraph 17 are vague and ambiguous,

Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining

allegations of Paragraph 17 and they are denied.

### Count I – Allegations of Infringement of U.S. Patent No. 5,778,178

> 18.    Paragraphs 1-17 are hereby incorporated by reference as if fully set forth herein.

**Answer**: Defendants incorporate by reference their responses to paragraphs 1-17 above.

> 19.    On information and belief, Defendants have been and are now infringing, inducing infringement, and contributing to the infringement of the '178 patent by making, using, selling, offering to sell, instructing and/or supporting the use by others in the U.S. of devices, systems and methods covered by one or more claims of the '178 patent in violation of 35 U.S.C. § 271, *et seq*. Defendants' infringing acts include, by way of example and without limitation, their making, using, selling, offering for sale, instructing and/or supporting the use by others of the *accessAllstate.com* and *customercare.allstate.com* websites, and other websites and/or software systems that make use of and/or facilitate real-time two-way distributed transactions over the Internet.

**Answer**: Defendants deny the allegations of Paragraph 19.

7

20.   The infringement of the '178 patent by Defendants has caused and will continue to cause WebXchange substantial and irreparable injury, for which it is entitled to receive all relief provided for by 35 U.S.C. §§ 283 and 284, including, but not limited to, injunctive relief, damages and costs where appropriate.

**Answer**: Defendants deny the allegations of Paragraph 20.

### Count II – Allegations of Infringement of U.S. Patent No. 6,212,556

21.   Paragraphs 1-20 are hereby incorporated by reference as if fully set forth herein.

**Answer**: Defendants incorporate by reference their responses to paragraphs 1-20 above.

22.   On information and belief, Defendants have been and are now infringing, inducing infringement, and contributing to the infringement of the '556 patent by making, using, selling, offering to sell, instructing and/or supporting the use by others in the U.S. of devices, systems and methods covered by one or more claims of the '556 patent in violation of 35 U.S.C. § 271, *et seq*. Defendants' infringing acts include, by way of example and without limitation, their making, using, selling, offering for sale, instructing and/or supporting the use by others of the *accessAllstate.com* and *customercare.allstate.com* websites, and other websites and/or software systems that make use of and/or facilitate real-time two-way distributed transactions over the Internet.

**Answer**: Defendants deny the allegations of Paragraph 22.

23.   The infringement of the '556 patent by Defendants has caused and will continue to cause WebXchange substantial and irreparable injury, for which it is entitled to receive all relief provided for by 35 U.S.C. §§ 283 and 284, including, but not limited to, injunctive relief, damages and costs where appropriate.

**Answer**: Defendants deny the allegations of Paragraph 23.

### Count III – Allegations of Infringement of U.S. Patent No. 7,340,506

24.   Paragraphs 1-23 are hereby incorporated by reference as if fully set forth herein.

**Answer**: Defendants incorporate by reference their responses to paragraphs 1-23 above.

25.   On information and belief, Defendants have been and are now infringing, inducing infringement, and contributing to the infringement of the '506 patent by making, using, selling, offering to sell, instructing and/or supporting the use by others in the U.S. of devices, systems and methods covered by one or more claims of the '506 patent in violation of 35 U.S.C. § 271, *et seq*. Defendants' infringing acts include, by way of example and without limitation, their making, using, selling, offering for sale, instructing and/or supporting the use by others of the *accessAllstate.com* and *customercare.allstate.com* websites, and other websites

and/or software systems that make use of and/or facilitate real-time two-way distributed transactions over the Internet.

**Answer:** Defendants deny the allegations of Paragraph 25.

26.    The infringement of the '506 patent by Defendant has caused and will continue to cause WebXchange substantial and irreparable injury, for which it is entitled to receive all relief provided for by 35 U.S.C. §§ 283 and 284, including, but not limited to, injunctive relief, damages and costs where appropriate.

**Answer:** Defendants deny the allegations of Paragraph 26.

### Demand for Relief

To the extent a response is necessary, Defendants deny that they have infringed and/or induced or contributed to the infringement of the patents-in-suit, and Defendants further deny that Plaintiff is entitled to any of the relief request in Paragraphs a-g of its Demand for Relief.

### Demand for Jury Trial

Defendants admit that Plaintiff has demanded a jury trial.

### DEFENFANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims of the '178, '556, and '506 patents are invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 U.S.C. §1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II and III of Title 35 of the United States Code.

### Second Affirmative Defense

Defendants have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '178, '556, and '506 patents.

Defendants are investigating, and reserve the right to amend their answer to assert other affirmative defenses that may be revealed during discovery, including at least that the '178, '556,

and '506 patents are unenforceable because of inequitable conduct committed during the prosecution of the patent.

## COUNTERCLAIMS

Defendants/Counter-Plaintiffs, The Allstate Corporation, Allstate Insurance Company, Allstate Life Insurance Company, Allstate Financial Services, LLC, Allstate Financial, LLC, counterclaim against Plaintiff/Counter-Defendant, WebXchange Inc., as follows:

1.     Defendant/Counter-Plaintiff, The Allstate Corporation, is a Delaware corporation, with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

2.     Defendant/Counter-Plaintiff, Allstate Insurance Company, is an Illinois insurance company, with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

3.     Defendant/Counter-Plaintiff, Allstate Life Insurance Company, is an Illinois insurance company, with its principal place of business at 3100 Sanders Road, Northbrook, Illinois 60062.

4.     Defendant/Counter-Plaintiff, Allstate Financial Services, LLC, is a Delaware Limited Liability Company, with its principal place of business at 2920 South 84th Street, Lincoln, Nebraska 68506.

5.     Defendant/Counter-Plaintiff, Allstate Financial, LLC, is a Delaware Limited Liability Company, with its principal place of business at 3100 Sanders Road, Northbrook, Illinois 60062.

6.     On information and belief, Plaintiff/Counter-Defendant, WebXchange Inc., is a Delaware corporation with its principal place of business at 222 Stanford Avenue, Menlo Park, California 94025.

7.    Jurisdiction over these counterclaims arises under the Federal Declaratory Judgments Act, Title 28 U.S.C. §§ 2201 and 2202, and the laws of the United States concerning jurisdiction of actions relating to Letters Patent, Title 28 U.S.C. § 1338(a).

8.    By its Complaint, Plaintiff/Counter-Defendant has expressly charged Defendants/Counter-Plaintiffs with infringement of U.S. Patent Nos. 5,778,178 ("the '178 patent"), 6,212,556 ("the '556 patent"), and 7,340,506 ("the '506 patent"), and thus has submitted itself to the jurisdiction and venue of this Court.

9.    A justiciable controversy has arisen between Defendants/Counter-Plaintiffs and Plaintiff/Counter-Defendant with respect to the '178, '556, and '506 patents.

## Count I

10.    Defendants/Counter-Plaintiffs reallege and incorporate by reference each of the allegations of paragraphs 1 through 9 of its counterclaims above.

11.    Defendants/Counter-Plaintiffs have not and do not infringe any valid and enforceable claims of the '178, '556, and '506 patents.

12.    A decree by this Court with respect to the issue of non-infringement of the claims of the '178, '556, and '506 patents, as between Defendants/Counter-Plaintiffs and Plaintiff/Counter-Defendant is reasonably calculated to prevent needless additional litigation in this and other jurisdictions between Defendants/Counter-Plaintiffs and Plaintiff/Counter-Defendant.

13.    By reason of the foregoing, Defendants/Counter-Plaintiffs are entitled to a decree of non-infringement of the claims of the '178, '556, and '506 patents.

## Count II

14.    Defendants/Counter-Plaintiffs reallege and incorporate by reference each of the allegations of paragraphs 1 through 9 of its counterclaims above.

15.    The claims of the '178, '556, and '506 patents are invalid for failure to satisfy one or more of the conditions of patentability specified in Parts II or III of Title 35 U.S.C., including, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II and III of Title 35 of the United States Code.

16.    A decree by this Court with respect to the issues of invalidity of the claims of the '178, '556, and '506 patents, as between Defendants/Counter-Plaintiffs and Plaintiff/Counter-Defendant, is reasonably calculated to prevent needless additional litigation in this and other jurisdictions between Defendants/Counter-Plaintiffs and Plaintiff/Counter-Defendant.

17.    By reason of the foregoing, Defendants/Counter-Plaintiffs are entitled to a decree of invalidity of the claims of the '178, '556, and '506 patents.

**WHEREFORE**, Defendants/Counter-Plaintiffs respectfully pray that judgment be entered in their favor and against Plaintiff/Counter-Defendant as follows:

A.    A declaration that Defendants/Counter-Plaintiffs have not infringed and are not infringing any valid and enforceable claim of the '178, '556, and '506 patents, either directly or indirectly;

B.    A declaration that the claims of the '178, '556, and '506 patents are invalid;

C.    That Plaintiff/Counter-Defendant is not entitled to recover statutory damages, compensatory damages, an accounting, injunctive relief, costs, fees, interest or any other type of recovery from Defendants/Counter-Plaintiffs;

D.    An award of reasonable attorneys fees to Defendants/Counter-Plaintiffs because this is an exceptional case;

E.    An award of the costs of this action to Defendants/Counter-Plaintiffs;

F.    A dismissal of this action with prejudice and without recovery to Plaintiff/Counter-Defendant; and

G.    Such other further relief as the Court may deem proper and just.

Date: April 25, 2008

Elizabeth M. McGeever (#2057)
PRICKETT, JONES & ELLIOTT, P.A.
1310 King St.
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500
emmcgeever@prickett.com

Christopher J. Renk
Joseph J. Berghammer
Janice V. Mitrius
Michael J. Harris
BANNER & WITCOFF, LTD.
10 S. Wacker Dr., Ste. 3000
Chicago, IL 60606
(312) 463-5000

*Attorneys for Defendants*

13